**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Motor Vehicles and Berkeley County Sheriff's Office,

v.

Erika R. Willey, Respondent,

of which South Carolina Department of Motor Vehicles is the Appellant.

Appellate Case No. 2018-002137

———————————

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

———————————

Unpublished Opinion No. 2020-UP-175
Submitted May 1, 2020 – Filed June 10, 2020

———————————

**REVERSED**

———————————

Frank L. Valenta, Jr., Philip S. Porter, and Brandy Anne Duncan, of the South Carolina Department of Motor Vehicles, of Blythewood, all for Appellant.

Erika R. Willey, of Moncks Corner, pro se.

———————————

**PER CURIAM:**  The South Carolina Department of Motor Vehicles (the SCDMV) appeals the Administrative Law Court's (the ALC's) order, which affirmed the decision of the South Carolina Office of Motor Vehicles Hearings (the OMVH) dismissing Erika R. Willey's suspension of her driver's license because a representative of the Berkley County Sheriff's Office did not appear at the hearing. On appeal, the SCDMV contends the OMVH did not have jurisdiction over the contested case because Willey's request for the hearing was untimely.  We reverse the ALC's order.[1]  *See* S.C. Code Ann. § 1-23-610(B) (Supp. 2019) ("The review of the [ALC's] order must be confined to the record.  The [appellate] court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("Although this court shall not substitute its judgment for that of the AL[C] as to findings of fact, we may reverse or modify decisions which are controlled by error of law or are clearly erroneous in view of the substantial evidence on the record as a whole.").

Willey received an MV-65 Notice of Suspension from the arresting officer on July 1, 2017, which stated, "Everyone who receives this Notice of Suspension can request a hearing to challenge the suspension.  A request for a hearing must be filed with the OMVH within thirty days of the issuance of the Notice of Suspension."  The SCDMV issued Willey an official notice of her suspension on October 10, 2017, and Willey requested a case hearing on November 9, 2017, to challenge the suspension.  We hold the OMVH hearing officer did not properly apply the Rules of Procedure for the OMVH in conjunction with section 56-5-2951 of the South Carolina Code (2018).  Rule 4(B) of the Rules of Procedure for the OMVH provides, "*Unless otherwise provided by statute*, a request for a contested case hearing must be filed within thirty days after actual notice of the SCDMV's determination."  S.C. Office of Motor Vehicle Hearings, Rules of Procedure 4(B) (emphasis added).  Section 56-5-2951 (A) and (B)(2) provides the time frame in which a person should file for a contested case hearing, stating:

> The [SCDMV] shall suspend the driver's license, permit, or nonresident operating privilege of, or deny the issuance of a license or permit to, a person who drives a motor vehicle and refuses to submit to a test . . . or has an alcohol concentration of fifteen one-hundredths of one percent or more.  The *arresting officer shall issue a notice of suspension* which is *effective beginning on the*

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

> *date of the alleged violation . . . . Within thirty days of the issuance of the notice of suspension*, the person may: . . . request a contested case hearing before the OMVH in accordance with the . . . rules of procedure.

(emphases added).  Therefore, we find Willey did not timely file her request for a contested case hearing, and the OMVH did not have jurisdiction to hear the contested case.   Accordingly, we reverse.  Willey must comply with the required reinstatement procedures of the SCDMV in accordance with the implied consent violation.

**REVERSED.**

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**